On petition for review filed February 2,* review allowed and decision of the Court of Appeals vacated and remanded to Court of Appeals April 5, 1988. By order dated May 25, the Court of Appeals gave leave for entry of a corrected judgment and required the filing of an amended notice of appeal. By order dated August 1, 1988, the Court of Appeals dismissed the appeal because no corrected judgment was entered and no amended notice of appeal was filed.

### BRADLEY WILSON,
*Petitioner on Review,*

*v.*

### MAASS,
*Respondent on Review.*

### (TC 87-C-10146; CA A44949; SC S34901)

752 P2d 840

Larry Wright and Hillyer, Larson & Wright, Salem, for petitioner on review.

CARSON, J.

---

* On appeal from Circuit Court, Marion County, The Honorable Richard D. Barber, Judge. 89 Or App 179, 747 P2d 1018 (1988).

## CARSON, J.

This case is before us on a petition for review in a post-conviction relief proceeding, wherein petitioner seeks relief from what he contends are invalid consecutive sentences. We do not reach the merits of the claim. Instead, for the reasons set forth below, we allow the petition for review, vacate the decision of the Court of Appeals, and remand to the Court of Appeals for consideration of granting leave to enter a final order in the proper form pursuant to ORS 19.033(4).[1]

Following petitioner's filing of his petition for post-conviction relief, defendant, the superintendent of the Oregon State Penitentiary, filed a motion to dismiss pursuant to ORCP 21 A(1) contending that petitioner should have raised his sentencing claims in his direct appeal, *State v. Wilson,* 35 Or App 181, 581 P2d 106 (1978), and that the failure so to do prevents the post-conviction court from considering the claim in this proceeding. ORS 138.550(2).[2]

The post-conviction court record discloses that the post-conviction court allowed defendant's motion on May 4, 1987. On June 9, 1987,[3] an "ORDER/JUDGMENT"[4] was

---

[1] ORS 19.033(4) provides:

"* * * * *

"(4) Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

[2] ORS 138.550 provides, in part:

"The effect of prior judicial proceedings concerning the conviction of petitioner which is challenged in the petition shall be as specified in this section and not otherwise:

"* * * * *

"(2) When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. * * *"

[3] Despite the requirement of ORAP 2.05(14), the "ORDER/JUDGMENT" attached to the notice of appeal bears no indication of the date of entry into the

filed. After the customary identification recitals, the "ORDER/JUDGMENT" recites that "petitioner challeges [sic] a condition of confinement which is not greater than that authorized by his initial sentence and does not require immediate judicial intervention and that there are reasonably available alternative legal remedies including preliminary injunctions and tort claims." The operative part of the document then granted the motion to dismiss and further ordered "that petitioner's Petition for Writ of Habeas Corpus be, and hereby is, dismissed with petitioner obtaining no relief thereunder."

The document which purports to make final disposition (and upon which this appeal is based) is defective in two significant aspects. First, it dismisses a petition for habeas corpus relief, which the petition at issue was not. More importantly, it relies on grounds that were neither presented or argued to the court nor responsive to the petition. ORS 138.640 requires that the "order making final disposition of the petition shall state clearly the grounds upon which the cause was determined."[5] While it is possible that the post-conviction court, *sua sponte,* decided the case on the grounds clearly stated (for which a reversal and remand would be appropriate), it is more likely that the "ORDER/JUDGMENT" which was submitted and filed addressed an unrelated habeas corpus petition. If that is the case, and the record supports such a conclusion, a remand by the Court of Appeals

---

register. There is a date notation following the stamped word "journal." We therefore refer to the two "ORDER/JUDGMENT" documents by their respective filing dates. In 1985, the journal was eliminated as a trial court record in favor of the document entitled the "register." *See* Or Laws 1985, ch 540, §§ 1, 2, and 47; ORS 7.020.

[4] The term "Order/Judgment" is no more proper than the term "Judgment Order." *See Gibson v. Benj. Franklin Fed. Savings and Loan,* 294 Or 702, 662 P2d 703 (1983). Further, it would appear that the correct terminology for the document finally disposing of the claim has been suggested by the legislature as an order making final disposition, which order legislatively constitutes a final judgment. ORS 138.640.

[5] ORS 138.640 provides:

"After deciding the issues raised in the proceeding, the court shall deny the petition or enter an order granting the appropriate relief. The court may also make orders as provided in ORS 138.520. The order making final disposition of the petition shall state clearly the grounds upon which the cause was determined, and whether a state or federal question, or both, was presented and decided. This order shall constitute a final judgment for purposes of appellate review and for purposes of *res judicata.*"

for a proper final order, pursuant to ORS 19.033(4), would be appropriate.

There is another, related procedural problem in this case. Following the filing of the June 9 "ORDER/JUDGMENT" that purported to dispose of this case, a second "ORDER/JUDGMENT" was filed on July 2. This document recited the above-mentioned grounds (confinement and alternative remedies) and then stated:

"NOW, THEREFORE, IT IS ORDERED that defendant's Motion to Dismiss be, and hereby is, dismissed."

The intended function of this document remains a mystery.

The petition for review is allowed. The decision of the Court of Appeals is vacated. The case is remanded to the Court of Appeals for consideration of granting leave to enter a final order in the proper form pursuant to ORS 19.033(4).