On court's own motion questioning reviewability, trial court granted leave to enter a judgment of conviction September 20, 1988

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL MARTIN McDONNELL,
*Appellant.*

(CC J85-0004; SC S35117)

761 P2d 921

Gary D. Babcock, Public Defender, Salem, for appellant.

Virginia L. Linder, Solicitor General, Salem, for respondent.

PER CURIAM

## PER CURIAM

This is a death penalty review case. Our review of the record reveals no document entitled "judgment of conviction." The statute conferring on this court direct jurisdiction over cases of this kind speaks of a "judgment of conviction." For the reasons that follow, we conclude that such a document is required in order for the trial court to have completed its duties. We further conclude that the proper remedy is to give the trial court leave to enter a judgment of conviction.

ORS 163.150(1)(f)[1] provides for automatic review by this court of "the judgment of conviction and sentence of death" in aggravated murder cases. The trial court record in this case contains an "Order on Sentence" that recites that "Defendant [was] convicted on April 7, 1988[,] on the charge of aggravated murder * * *," a "Sentence" signed by the trial judge that recites that defendant "[has] heretofore been duly convicted of the crime of aggravated murder * * *," an unsigned "Disposition of Trial" dated April 8, 1988, that provides by way of a check mark in a blank that "Verdict of guilty [was] received to the crime(s) of aggravated murder," and a "Sentencing Verdict" signed by the presiding juror answering "yes" to each of the three questions posed in the penalty phase of death penalty cases. Absent from the trial court record is any document in which the trial judge purports to convict the defendant of aggravated murder.

We read the statutory scheme concerning the conviction of criminal defendants to include the following four distinct events: (1) defendant's act of pleading guilty or a jury's act in reporting a verdict of guilty; (2) acceptance by the trial judge of the guilty plea or verdict; (3) conviction of the defendant on the plea or verdict; and (4) pronouncement and entry of defendant's sentence.

A plea or verdict of guilty is not synonymous with a conviction. Although a defendant may attempt to plead guilty to a criminal charge or a jury attempts to render a verdict of

---

[1] ORS 163.150(1)(f) provides:

"The judgment of conviction and sentence of death shall be subject to automatic and direct review by the Supreme Court. The review by the Supreme Court shall have priority over all other cases, and shall be heard in accordance with rules promulgated by the Supreme Court."

guilty, the trial judge may, for a variety of legally acceptable reasons, decline to accept either. *See, e.g.,* ORS 135.385, 135.390 and 135.395 (guilty pleas); and ORS 136.480 and 136.485 (verdicts of guilty). Even after the jury has rendered a verdict that has been accepted by the court, a motion for a new trial or a motion in arrest of judgment may lie to challenge the legal sufficiency of the indictment or the trial. ORS 136.500 and 136.535. A "judgment of conviction" represents the combined factual and legal determinations that the defendant committed acts constituting a crime and that there is no legal impediment to so declaring; it is the string that ties up the package.

Generally, the sentence imposed against a defendant (or the suspension of imposition or execution of sentence) does not flow directly from the verdict. Rather, it is based on a conviction. *See generally* ORS 137.010(2) and (5).[2] The death penalty statute is less clear than the criminal statutes generally because the trial judge is *required* to sentence a defendant to death if the jury answers in the affirmative the three questions posed in ORS 163.150(1)(b), while the submission of the three questions itself must be based on a jury "finding" that "the defendant is guilty of aggravated murder." ORS 163.150(1). However, this difference in terminology is dictated by the bifurcated nature of death penalty trials, not by any essential difference in the process by which even those trials finally are concluded.

In this case, the trial record contains a verdict signed by the presiding juror, an unsigned but apparent acceptance of the verdict in a document entitled "Disposition on Trial" and an "Order on Sentence" and "Sentence" which recite that defendant has been convicted of aggravated murder. It is implicit in the record that the trial judge intended to convict defendant of the crime charged in the indictment; however,

---

[2] ORS 137.010(2) and (5) provide, in relevant part:

"(2) When a person is convicted of an offense, if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition of the sentence * * *.

"* * * * *

"(5) When a person is convicted of an offense and the court does not suspend the imposition or execution of sentence or when a suspended sentence or probation is revoked, the court shall impose the following sentence:

"* * * * *"

the record does not contain a document, entitled "judgment" or otherwise, signed by the trial judge and reducing that conviction to writing. We conclude that entry of a judgment of conviction is necessary prior to this court's review of the case.

■ The question arises whether we must dismiss this case or whether the trial court has the authority to enter a judgment of conviction notwithstanding that the case is on review. Generally, in criminal cases, jurisdiction of a case is conferred on the appellate court and removed from the trial court on the filing of the notice of appeal. ORS 19.033(1), made applicable to criminal cases by ORS 138.185(2), provides:

> "When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, pursuant to rules of the court, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law * * *."

There is a distinction in the present case in that this court's jurisdiction over death penalty cases arises under ORS 163.150(1)(f), and review by this court is required without regard to whether a notice of appeal is filed. Arguably, at least, jurisdiction is conferred on this court when the clerk of the trial court files with the State Court Administrator the packet described in ORAP 18.05(2).[3]

---

[3] ORAP 18.05(2) and (3) provide:

"(2) Upon entry of the judgment of conviction and sentence of death, the trial court clerk shall prepare a packet consisting of the following:

"(a) A copy of the judgment of conviction.

"(b) A copy of the order of sentence of death unless that sentence is contained in the judgment of conviction.

"(c) A certificate by the trial court clerk stating:

"(i) the date of entry of each writing described above.

"(ii) the names, mailing addresses and telephone numbers of the attorneys of record for the state and for the defendant at the date of entry of each writing described above.

"(iii) the name, mailing address and telephone number of each court reporter who reported any portion of a criminal proceeding, as defined in ORS 131.005(7), in the criminal action, as defined in ORS 131.005(6), in which the judgment of conviction and sentence or death were entered.

"(d) A cover sheet showing the court in which the judgment of conviction and sentence of death were made, the title of the case, the trial court case number, the name of the judge who imposed the sentence of death and the caption: 'Automatic

■      We conclude that it is unnecessary to decide when exclusive jurisdiction is conferred on this court in death penalty cases. If exclusive jurisdiction is conferred on this court pursuant to ORS 19.033(1) and 138.185(2), then the court has the authority pursuant to ORS 19.033(4)[4] to give the trial court leave to enter a judgment of conviction. If exclusive jurisdiction is conferred on the court pursuant to some other provision of law, there is authority for the proposition that a trial court nevertheless retains the authority to take such steps as may be necessary to "make the record speak the truth." As long ago as *Helms Groover & Drubber Co. v. Copenhagen*, 93 Or 410, 415, 177 P 935 (1919), this court said:

> "An appeal does not deprive the trial court of all power to act pending the appeal. As a general rule, the pendency of an appeal does not divest the trial court of the power to correct its record so it will conform to the truth, and truly set forth the proceedings as they actually occurred * * *." (Citations omitted.)

*Accord State v. Jackson*, 228 Or 371, 365 P2d 294 (1961). Therefore, and notwithstanding the fact that the case is presently before this court, the trial court retains the authority to "correct its record" and "truly set forth the proceedings as they actually occurred" by entering a judgment of conviction. The trial court is granted leave to enter a judgment of conviction in this case. This court retains jurisdiction to deal with all other aspects of the appeal.

---

Death Sentence Review.'

"(3) The trial court clerk shall serve a true copy of the packet on the defendant, on each attorney above described and on each court reporter above described. The trial court clerk shall endorse proof of service on the original of the packet and send the original, the trial court file and all exhibits offered to the State Court Administrator, who shall forthwith notify the Chief Justice of receipt thereof."

[4] ORS 19.033(4) provides:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

In addition to the present case, at the time of this decision this court has before it 11 other death penalty cases, including *State v. Wagner,* 305 Or 115, 752 P2d 1136 (1987), which remains before this court pending disposition of the defendant's petition for certiorari by the United States Supreme Court. We have examined the record in each case. In *State v. Farrar,* S33949, and *State v. Moen,* S33952, there is a document entitled "Judgment" containing language convicting, in the present tense, each defendant of the crime of aggravated murder. We conclude that the judgments in those cases are sufficient under ORS 163.150(1)(f).

In *State v. Isom,* S33725, *State v. Nefstad,* S34971, *State v. Walton,* S35078, and *State v. Miranda,* S34970, there is a "Judgment Order"[5] containing what purports to be an "adjudication" that the defendant has been convicted, in the past tense, implying that at some point the trial judge entered a conviction of the defendant. In each case, however, there is no such prior conviction. Similarly, in *State v. Pratt,* S34964, and *State v. Pinnell,* S35371, the "Sentence Order" and "Judgment," respectively, provide that "IT IS ADJUDGED that the Defendant has been convicted on a plea of not guilty and verdict of guilty of the offense of Aggravated Murder * * *," but there is no document showing that the trial judge ever entered a conviction.

In *State v. Smith,* S34322, the "Sentence" contains no adjudication of guilt whatsoever, but merely recites that the defendant was found guilty of aggravated murder by the jury and that the jury answered the three questions set forth in ORS 163.150(2) in the affirmative, and "orders and adjudges" that the defendant "is sentenced to death." In *State v. Guzek,* S35051, there are three documents, a "Journal Entry and Verdict," a "Court Minutes, Journal Entry and Order," and a "Judgment Order." These documents contain various recitations and orders, but no adjudication of guilt. In *State v. Wagner, supra,* the "Order Entering Defendant's Plea and

---

[5] The appellate courts of this state repeatedly have admonished trial courts to stop signing documents entitled "judgment order." *See, e.g., Alt v. City of Salem,* 306 Or 80, 82 n 1, 756 P2d 637 (1988); *Wilson v. Maass,* 305 Or 434, 437 n 4, 752 P2d 840 (1988); *State ex rel Zidell v. Jones,* 301 Or 79, 83 n 3, 720 P2d 350 (1986); *May v. Josephine Memorial Hospital,* 297 Or 525, 528 n 4, 686 P2d 1015 (1984); *Gibson v. Benj. Franklin Fed. Sav. & Loan,* 294 Or 702, 711 n 3, 662 P2d 703 (1983). The phrase, "judgment order," is inherently contradictory. *See generally* ORCP 67A.

Entering the Jury Answers to Three Issues Presented" contains a recitation that the court accepted the defendant's plea of guilty and imposes the death sentence, but does not convict the defendant.

In each of the cases in which a judgment of conviction is not part of the trial court record, we are satisfied that the trial court intended to convict the defendant and, as in the case at bar, we will enter an order granting leave to enter a judgment of conviction.

With respect to the form of the judgments to be entered in these and any future death penalty cases, no statute requires that the judgment of conviction and the sentence of death be in the same document, although we believe the better practice would be to put them in the same document. Likewise, unlike a civil case in which the document finally disposing of a case is required to be labeled "judgment," ORCP 70A, there is no requirement that the final document in a criminal case generally or in a death penalty case in particular bear any special title. However, because ORS 163.150(1)(f) refers to review of the "judgment of conviction" and "sentence of death," the better practice is to entitle the document "Judgment of Conviction," or "Judgment of Conviction and Sentence of Death," if one document contains both the conviction and the sentence.

Leave granted to trial court to enter judgment of conviction.