Argued and submitted January 4, affirmed September 11, 1991

## STEPHEN HARRY DANIELS,
*Appellant,*

*v.*

## R. L. WRIGHT,
*Respondent.*

(CV 90-263; CA A65838)

816 P2d 1191

Wade P. Bettis, Jr., La Grande, argued the cause for appellant. With him on the brief were Jonel K. Ricker and Bettis & Ricker, P.C., La Grande.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

On July 19, 1989, petitioner entered a plea of no contest to the charge of first degree robbery. Effective August 5, 1989, the legislature amended ORS 138.510 to provide, in part:

"(1) Except as otherwise provided in ORS 138.540, any person convicted of a crime under the laws of this state may file a petition for post-conviction relief pursuant to ORS 138.510 to 138.680.

"(2) A petition pursuant to ORS 138.510 to 138.680 must be filed within 120 days of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register." Or Laws 1989, ch 1053, §§ 18 and 21.

On August 15, 1989, the trial court sentenced petitioner to a prison term. On March 15, 1990, petitioner filed a petition for post-conviction relief. The post-conviction court dismissed the petition on the ground that it had not been filed within the time required by ORS 138.510, as amended.

Petitioner contends that his right to post-conviction relief accrued before the effective date of the amendments, on the date that he entered his plea of no contest. He argues that, in order to affect his case, the amendment must be applied retroactively, which is not permissible in light of the absence of legislative direction indicating that it be so applied.

The amended statute clearly and unambiguously provides that the petition must be filed within 120 days of the date the conviction is entered. The date of entry of the judgment of conviction is the date the right to petition for post-conviction relief "accrues." Petitioner's conviction was entered after the effective date of the amendment. Accordingly, this case does not involve a retroactive application of the amendment.[1] The petition was filed more than 120 days

---

[1] Petitioner makes no argument that the amendment, as applied to those convicted after its effective date, is unconstitutional.

after entry of the judgment of conviction and it was therefore untimely.

Affirmed.