Argued and submitted August 29, affirmed December 4, 1991

## ROBERT D. WELCH,
*Appellant,*

*v.*

## R. L. WRIGHT,
*Respondent.*

## (CV90-432; CA A66884)

821 P2d 438

Kurt C. Bendixsen, Hermiston, argued the cause for appellant. With him on the brief was Reynolds & Bendixsen, P.C., Hermiston.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Petitioner pled guilty to third degree assault on June 28, 1989, and was sentenced on September 11, 1989. He filed a petition for post-conviction relief on April 24, 1990. Effective August 5, 1989, the legislature amended ORS 138.510, which had previously allowed an unlimited time to file a post-conviction petition, to provide:

"(2) A petition pursuant to ORS 138.510 to 138.680 must be filed within 120 days of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register." Or Laws 1989, ch 1053, §§ 18 and 21.

Because the judgment on the conviction was not entered until after the effective date of the amendment, there is no issue of retroactivity.[1] Petitioner's right to petition for post-conviction relief accrued when the judgment was entered, and his filing more than 120 days after that date was untimely. *Daniels v. Wright*, 108 Or App 659, 816 P2d 1191 (1991).

Affirmed.

---

[1] Petitioner does not challenge the constitutionality of the new Statute of Limitations.