In the Matter of the Adoption of
Kamron Rae Harris and
Kevin Lee Harris, Minors.

Jerry E. GASTINEAU
and Kathleen J. Gastineau,
*Respondents,*

*v.*

Kevin Lee HARRIS, Sr.,
*Appellant.*

(91-4689-B-1; CA A74825)

853 P2d 1338

Douglas J. Richmond, Medford, filed the brief for appellant.

Jerry E. Gastineau, Medford, filed the brief *pro se* and for respondent Kathleen J. Gastineau.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J

■       Father appeals a decree that allowed mother's present husband to adopt father's two children without his consent. The court found that, because father wilfully neglected his children, his consent was not required under ORS 109.324. He argues that the trial court erred because he did not wilfully neglect his children. We review *de novo* to decide whether there is clear and convincing evidence that father's consent was not required. *See* ORS 19.125(3); *Zockert v. Fanning*, 310 Or 514, 528, 800 P2d 773 (1990). We reverse.

■       In 1989, mother's and father's marriage was dissolved in Ohio and mother was awarded custody of their two children. Father was ordered to pay $315 per month child support. Since the divorce, mother and the children have lived in Oregon, and father has remained in Ohio. In the year before the commencement of this proceeding, father had physical custody of the children for five weeks in the summer. Mother testified that father had called the children only "sporadically" during the past year. Father testified that he made frequent phone calls, but most of the time the answering machine would be on or someone would hang up on him when the phone was answered. During that time, father paid less than $300 in child support.[1] Father's total income for the year was approximately $34,000.[2] In May, 1990, father filed for bankruptcy and, as a result, he was relieved of most of his debts. After that time, he had no house or car payments. He paid $300 per month to family members for personal loans, $150 per month to his sister for the use of her car, and approximately $1,700 for attorney fees.[3]

Mother and her new husband petitioned for adoption in May, 1991. In January, 1992, after a show cause hearing was held, the trial court entered an order allowing the adoption to proceed without the consent of father, pursuant to

---

[1] Although father argues that he paid over $600 in child support, we give weight to the trial court's findings on the witnesses' credibility and rely on mother's figures.

[2] Mother estimated father's annual income based on his hourly wages. Father does not contest those figures.

[3] There is nothing in the record, however, to verify that the entire sum of $1,700 was paid during the year preceding the adoption proceeding.

ORS 109.324.[4] The court granted the adoption in April, 1992. Father filed this appeal in May, 1992.

■ Mother argues that father's appeal is untimely and should be dismissed, because it was filed more than thirty days after the entry of the trial court's order that dispensed with the requirement that father consent to the adoption. A party must file a notice of appeal within 30 days after the judgment appealed from is entered. ORS 19.026(1). A judgment or order is appealable if it is "[a]n order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein." ORS 19.010(2)(a). Here, the court ordered "that petitioners may proceed without the consent of [father]." The effect of the order is interlocutory. Father's parental rights did not terminate until the judgment granting the adoption was entered. Because father's appeal contests the validity of the adoption decree, his appeal is timely.

■ ORS 109.324 allows the court to proceed with the adoption of a child without the consent of a parent who "willfully * * * neglected without just and sufficient cause to provide proper care and maintenance for the child." The issue is whether it is highly probable that, "[d]uring the year preceding the filing of the petition for adoption, * * * the non-consenting parent wilfully fail[ed] to manifest substantial expressions of concern which show that the parent [had] a deliberate, intentional, and good faith interest in maintaining a parent-child relationship." *Eder v. West*, 312 Or 244, 266, 821 P2d 400 (1991). The ultimate resolution of this issue

---

[4] ORS 109.324 provides:

"If either parent is believed to have willfully * * * neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption and such parent does not consent in writing to the adoption, there shall be served upon such parent a citation in accordance with ORS 109.330 to show cause why the adoption of the child should not be decreed. Upon hearing being had, if the court finds that such parent has willfully * * * neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required and, if the court determines that such consent is not required, the court shall have authority to proceed regardless of the objection of such parent. In determining whether the parent has willfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child, the court may disregard incidental visitations, communications and contributions."

must be based on the totality of the evidence, and we are to disregard incidental contributions. 312 Or at 266; ORS 109.324.

■      Wilful neglect cannot be established solely on the basis of father's failure to pay more than minimal child support, particularly when the children are otherwise receiving adequate care. *Eder v. West, supra,* 312 Or at 267; *Omlie v. Hunt,* 211 Or 472, 482, 316 P2d 528 (1957). Although we do not condone father's failure to pay the amount of child support ordered, that fact alone cannot justify the drastic result of the termination of his parental rights. In the light of the five-week visitation that he exercised with the children and his attempts to maintain telephone contact with them, we are not persuaded that mother has proven by clear and convincing evidence that he wilfully neglected his children without just cause, within the meaning of ORS 109.324.

Reversed.