Argued and submitted May 3, appeal dismissed July 26, 2017

In the Matter of the Adoption of
A. G. D., a Child.

A. M.,
*Appellant,*

*v.*

N. E. D.
and P. S. D.,
*Respondents.*

Josephine County Circuit Court
16AP00437; A163753

400 P3d 1036

George W. Kelly argued the cause and filed the brief for appellant.

Clayton C. Patrick argued the cause and filed the brief for respondents.

Before Egan, Presiding Judge, and Lagesen, Judge, and Schuman, Senior Judge.

**LAGESEN, J.**

This case concerns a contested adoption proceeding under ORS 109.304 to 109.410 in which grandparents, the legal guardians of their six-year-old granddaughter, A, petitioned to adopt her. A's father, petitioners' son, consented to the adoption, but A's mother did not. As authorized by ORS 109.324 and ORS 109.330, petitioners moved the court for an order allowing the adoption to proceed without mother's consent on the ground that mother "willfully * * * neglected without just and sufficient cause to provide proper care and maintenance for [A] for one year next preceding the filing of the petition for adoption." ORS 109.324(1). After an evidentiary hearing, the court, upon determining that mother willfully neglected A during the pertinent one-year period, entered an order ruling that mother's consent is not required for adoption and that the adoption "shall proceed" notwithstanding any objection by mother.

Mother appeals that order, assigning error to the court's determination that she willfully neglected A and its ensuing conclusion that the adoption shall proceed without mother's consent and over any of her objections. Mother also asserts that her court-appointed trial counsel[1] rendered inadequate assistance of counsel by failing to present evidence favorable to mother. Those arguments, however, are not ones that we can address at present, because the order mother has appealed is not appealable. We therefore must dismiss this appeal for lack of jurisdiction.

As an appellate court, we lack subject matter jurisdiction over an appeal from a judgment or order that is not appealable. *State v. Nix*, 356 Or 768, 773, 345 P3d 416 (2015). We thus "have an independent duty to determine whether [an] appeal [is] statutorily authorized." *Id*. We must comport

---

[1] Because this proceeding may result in the termination of mother's parental rights with respect to A through state action, mother, who is indigent, is entitled to the appointment of counsel at state expense to the same extent that an indigent parent is entitled to court-appointed counsel in a proceeding to terminate parental rights brought under the juvenile code. *Zockert v. Fanning*, 310 Or 514, 519-24, 800 P2d 773 (1990) (holding that right to counsel afforded to indigent parents in termination proceedings under the juvenile code extends to indigent parents in contested adoption proceedings because such proceedings result in termination of parental rights).

with that "independent duty" even when the parties have not raised the issues themselves, as is the case here. We turn to that jurisdictional assessment.

Given that the legislature has not provided a specific statute for appeals in adoption proceedings, the general appeals statute, ORS 19.205, determines whether we have jurisdiction over this appeal. *See Gastineau v. Harris*, 121 Or App 67, 70, 853 P2d 1338, *rev den*, 317 Or 583 (1993) (looking to *former* ORS 19.010 (1995), *renumbered as* ORS 19.205 (1997), to determine whether order in adoption case was appealable). It is readily apparent we do not.

ORS 19.205 authorizes appeals from three types of judgments and two types of orders entered in actions. Subsection (1) of the statute supplies us with jurisdiction over appeals from "a limited judgment, general judgment or supplemental judgment, as those terms are defined by ORS 18.005." The order on appeal, though, is not a judgment in either form or substance. *See generally Interstate Roofing, Inc. v. Springville Corp.*, 347 Or 144, 152, 218 P3d 113 (2009) (explaining that, as defined by statute, a judgment "broadly consists of two distinct parts, one substantive and one formal"). As to form, a document "must be plainly titled as a judgment" to qualify as a judgment. ORS 18.038(1); ORS 18.005(8) (a judgment must be "reflected in a judgment document"); ORS 18.005(9) (a "judgment document" is "a writing in the form provided by ORS 18.038 that incorporates a court's judgment"). The order in this case is plainly titled as an "order." As to substance, a document must represent "the concluding decision of a court on one or more requests for relief in one or more actions." ORS 18.005(8); *Interstate Roofing*, 347 Or at 152. The order that mother appeals is not "a concluding decision on a request for relief." Instead, it is an interlocutory decision that A's adoption can proceed without mother's consent and over her objection. The trial court still must determine whether to grant the petition for adoption under the standards set forth in ORS 109.350[2] before

---

[2] ORS 109.350 provides:

"If, upon a petition for adoption or readoption duly presented and consented to, the court is satisfied as to the identity and relations of the persons, that the petitioner is of sufficient ability to bring up the child and furnish suitable nurture and education, having reference to the degree and condition of

it can render a concluding decision on petitioners' "request for relief" in this proceeding—that is, the adoption of A, the attendant termination of the parental rights of mother and father, and the other ancillary relief incidental to a decision to permit adoption.

As to orders, subsections (2) and (3) of ORS 19.205 identify the types that are appealable. Subsection (3), by its terms, applies only to post-judgment orders and thus cannot authorize this appeal from an order entered before the entry of any sort of judgment. ORS 19.205(3) (providing for appeals of certain orders "made in the action after a general judgment is entered"). Subsection (2) of ORS 19.205 authorizes an appeal of a prejudgment order if the order "affects a substantial right, and that effectively determines the action so as to prevent a judgment in the action." ORS 19.205(2). But in *Gastineau*, we held that an order under ORS 109.324 authorizing an adoption to proceed without a parent's consent is not that type of order. 121 Or App at 70.

At issue in *Gastineau* was whether an ORS 109.324 order dispensing with the need for a father's consent for an adoption was appealable under *former* ORS 19.010(2)(a) (1995), the statutory predecessor to ORS 19.205(2).[3] In that case, the father appealed a final judgment terminating the father's parental rights and permitting the mother's new husband to adopt mother and father's child. *Id.* The mother argued that the father was required to appeal the court's order dispensing with his consent separately, and that the

---

the parents, that, if applicable, the requirements of the Indian Child Welfare Act (25 U.S.C. 1901 et seq.) have been met, and that it is fit and proper that such adoption or readoption be effected, a judgment shall be made setting forth the facts, and ordering that from the date of the judgment the child, to all legal intents and purposes, is the child of the petitioner. In an adoption or readoption subject to the Indian Child Welfare Act (25 U.S.C. 1901 et seq.), the state court shall provide to the United States Secretary of the Interior a copy of the judgment together with the other information required by the Indian Child Welfare Act (25 U.S.C. 1901 et seq.)."

[3] As a result of amendments in 2003 to ORS 19.205, *former* ORS 19.010(2)(a) is now ORS 19.205(2), with some minor, nonsubstantive revisions to its wording. *Compare former* ORS 19.010(2)(a) (1995) (allowing for appeals of an "order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein"), *with* ORS 19.205(2) (authorizing appeals of an "order in an action that affects a substantial right, and that effectively determines the action so as to prevent a judgment in the action"). *See* Or Laws 2003, ch 576, § 85.

father's appeal of the final judgment granting the adoption was untimely as to the court's order under ORS 109.324. *Id.* We rejected that argument, concluding that the court's earlier order under ORS 109.324 was not "[a]n order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein" within the meaning of *former* ORS 19.010(2)(a) (1995). *Id.* That was because the ORS 109.324 order was interlocutory and did not itself effectuate the termination of the father's parental rights: "The effect of the order is interlocutory. Father's parental rights did not terminate until the judgment granting the adoption was entered." *Id.* Thus, the father's appeal of the final judgment of adoption was the proper way for the father to challenge the adoption, including the court's decision that it could proceed without his consent. *Id.*[4]

Our reasoning in *Gastineau* applies with equal force to the order on appeal in this case. As in *Gastineau*, the order is interlocutory and neither conclusively resolves the adoption proceeding nor precludes the resolution of it. As noted, the conclusive resolution of petitioners' request for relief in this proceeding will occur when the trial court enters a judgment under ORS 109.350.

Finally, we observe that ORS 19.205(5), which governs appeals from a "special statutory proceeding," adds nothing to the analysis to the extent that provision is applicable to this adoption proceeding. That provision authorizes an appeal of an order or a judgment from a "special statutory proceeding" only "under the same conditions, in the same manner and with like effect *as from a judgment or order entered in an action.*" ORS 19.205(5) (emphasis added). In other words, to be appealable, an order or judgment entered in a special statutory proceeding must be the sort that would be appealable under ORS 19.205(1) to (3) if entered in an action. For the reasons we have explained, the order on appeal is not appealable under ORS 19.205(1) to (3). ORS 19.205(5) therefore does not make the order appealable, even if it were considered an order in a special statutory proceeding.

---

[4] We ultimately held that the trial court erred in concluding that the father had willfully neglected the child such that the adoption could proceed without the father's consent and reversed the judgment of adoption on that basis. *Id.* at 70-71.

In sum, the order on appeal is not appealable under ORS 19.205. We therefore lack jurisdiction and must dismiss this appeal without considering either mother's challenge to the merits of the order or her claim of ineffective assistance of counsel. We observe, however, that we see nothing in the statutes governing adoption proceedings that would preclude mother from raising the issue of counsel's alleged ineffectiveness in the trial court so as to develop the evidentiary record on that claim. *See Dept. of Human Services v. T. L.*, 358 Or 679, 702-04, 369 P3d 1159 (2016) (noting that "it is a 'rare' case in which the question whether counsel was inadequate will not require the development of an evidentiary record"). That would facilitate review of the question in any subsequent appellate proceedings that may result from the trial court's final decision on the adoption petition.

Appeal dismissed.