EGAN, C. J.
*115 *2 Petitioner appeals a judgment denying his petition for post-conviction relief (PCR) under Oregon's Post-Conviction Hearing Act, ORS 138.510 to 138.680 (the Act). In his underlying criminal case, petitioner pleaded guilty to one count of possession of marijuana and received a conditional discharge under ORS 475.245 (2013), amended by Or. Laws 2015, ch. 125, § 1; Or. Laws 2016, ch. 24, § 58; Or. Laws 2017, ch. 21, § 23.[1] As that statute contemplates, the charge was dismissed when petitioner completed the conditions of his probation. In light of those circumstances, the post-conviction court denied petitioner's PCR petition on the ground that petitioner had not been "convicted" of an offense, a necessary predicate to obtaining relief under the Act. For the reasons that follow, we conclude that the post-conviction court correctly denied petitioner relief; accordingly, we affirm.
The pertinent facts are few and undisputed. In late 2013, petitioner was charged with one count of unlawful manufacture of marijuana. On January 9, 2014, he pleaded guilty under a conditional discharge agreement to one count of unlawful possession of marijuana, former ORS 475.864 (2013), repealed by Or. Laws 2017, ch. 21, § 126, and the trial court entered a "check-the-box" type form order. The form order, originally captioned "Judgment and Sentence Order," was altered to read "Sentence Order of Conditional Discharge"; it stated, as relevant, that petitioner was "ordered and adjudged" guilty of one count of unlawful possession of marijuana and that the "[c]ase [was] to be treated *3 as a conditional discharge immediately/upon successful completion of conditions." (Boldface omitted; capitalization altered.) It also ordered petitioner to serve 18 months' probation, with specified conditions.
On June 20, 2014, petitioner sought post-conviction relief, claiming that he was denied adequate assistance of counsel under the federal and state constitutions in several particulars, including by his trial counsel's failure to advise him of the immigration consequences of his guilty plea-specifically, "that his criminal conviction could cause him to be deported or ineligible for admissibility into the United States." Petitioner also alleged that trial counsel was constitutionally inadequate in failing to advise him of the possibility of suppressing the contents of his statements to the police and that "he could not plead guilty to a charge he did not feel there was a factual basis to be convicted for."[2]
While the PCR matter was pending, petitioner successfully completed the conditions of his probation in his criminal case, and, upon stipulation of the parties, the trial court, on October 16, 2014, entered an order terminating petitioner's probation early and applying conditional discharge. Consequently, *116 the criminal charge was dismissed.[3] See ORS 475.245 (2013) ("Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against the person.").
Soon thereafter, on November 17, 2014, the state filed a motion for summary judgment in petitioner's PCR case, arguing that, because a conviction was never entered in petitioner's criminal case, post-conviction review was not available to petitioner under ORS 138.530(1)(a) (set out below, 293 Or. App. at 4, 426 P.3d at 116). In response, petitioner argued that he had "suffered a 'conviction' " for purposes of ORS 138.530 *4 because he had "admitted to acts constituting a crime," citing State v. McDonnell , 306 Or. 579, 581-82, 761 P.2d 921 (1988), and "the subsequent dismissal of [his] charges does not mean that he was never convicted of the offense." The post-conviction court ultimately agreed with the state, concluding that "[r]elief under [ORS] 138.530 requires the defendant be convicted" and conviction does not occur when a defendant enters a plea on conditional discharge, but, rather, "[a] conviction happens when a judgment is rendered pursuant to that plea."[4] Accordingly, the court entered a judgment denying petitioner's PCR petition.[5]
Petitioner appeals, reprising the arguments he made below.[6] He requests that his petition be granted and that "the underlying criminal conviction * * * be vacated and remanded for a new trial." We conclude that the post-conviction court did not err.
ORS 138.530(1) provides, in part:
"Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:
"(a) A substantial denial in the proceedings resulting in petitioner's conviction , or in the appellate review thereof, of petitioners rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."
*5 (Emphasis added.) We agree with the post-conviction court that, here, the proceedings did not "result[ ] in petitioner's conviction." Petitioner does not dispute that, at the time the court ruled on his PCR petition, the criminal charge against him had been dismissed without a judgment of conviction ever having been entered. Petitioner nevertheless contends that dismissal of the charge does not mean that he was never "convicted." We disagree.
The Act contemplates a judgment of conviction as forming the basis for the availability of post-conviction relief. Significantly, in accordance with the legislature's general objective to establish a single post-conviction procedure and remedy in this state,[7] *117 ORS 138.540(1) specifies that, except as otherwise provided, "a petition pursuant to [the Act] shall be the exclusive means, after judgment rendered upon a conviction for a crime, for challenging the lawfulness of such judgment or the proceedings upon which it is based ." (Emphases added.) Moreover, the right to petition for PCR under the Act is triggered when the judgment of conviction is entered. ORS 138.510(3)(a) (if appeal is not taken, PCR petition must generally be filed within two years of "the date the judgment or order on the conviction was entered in the register" (emphasis added) ); Daniels v. Wright , 108 Or. App. 659, 661, 816 P.2d 1191 (1991) (stating that "[t]he date of entry of the judgment of conviction is the date the right to petition for post-conviction relief 'accrues' " under ORS 138.510 ; rejecting petitioner's argument that his right to PCR accrued on date he entered no contest plea).[8] In addition, ORS 138.530(1)(b) provides, as another ground for post-conviction relief, the "[l]ack of jurisdiction of the court *6 to impose the judgment rendered upon petitioner's conviction ." (Emphasis added.) Thus, the statutory scheme as a whole contemplates that it is the judgment of conviction that establishes-or determines-a petitioner's "conviction" for purposes of obtaining relief under the Act.
The legislature's understanding of "conviction" is consistent with how the Supreme Court has described the "statutory scheme concerning the conviction of criminal defendants" generally. In McDonnell , the court concluded that the record in that case, which included a verdict, a "Disposition on Trial," an "Order on Sentence," and a "Sentence"-the latter two which recited that the defendant had been "convicted" of aggravated murder-was insufficient to trigger ORS 163.150(1)(f) (1987), which, at the time, provided for direct Supreme Court review of " '[t]he judgment of conviction and sentence of death' " in aggravated murder cases. 306 Or. at 581, 761 P.2d 921 (quoting ORS 163.150(1)(f) ). The court explained that conviction of a criminal defendant encompasses "four distinct events: (1) defendant's act of pleading guilty or a jury's act in reporting a verdict of guilty; (2) acceptance by the trial judge of the guilty plea or verdict; (3) conviction of the defendant on the plea or verdict ; and (4) pronouncement and entry of defendant's sentence." Id. at 581-82, 761 P.2d 921 (emphasis added). Thus-and contrary to petitioner's argument here-a guilty plea and a conviction are "not synonymous." Id. at 581, 761 P.2d 921. Instead, as the court explained, "[a] 'judgment of conviction' represents the combined factual and legal determinations that the defendant committed acts constituting a crime and that there is no legal impediment to so declaring; it is the string that ties up the package." Id. at 582, 761 P.2d 921.
In this case, petitioner was never "convicted" on his plea because, instead of entering a judgment of conviction, the court, with the consent of the parties, ordered the case to be treated as a conditional discharge under ORS 475.245 (2013). Consequently, as provided in that statute, the court "defer[red] further proceedings" on petitioner's guilty plea and placed him on probation "without entering a judgment of guilt." ORS 475.245 (2013) (emphasis added). The conditional discharge statutory scheme allows for entry of an "adjudication of guilt" only if the defendant violates *7 probation. See id. ("Upon violation of a term or condition of probation, the court may enter an adjudication of guilt and proceed as otherwise provided."). That did not happen here. Instead, petitioner successfully completed the terms of his probation, resulting in his discharge and the dismissal of charges without an adjudication of guilt, as contemplated by the statute. Id. ("Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against the person. Discharge and dismissal under this section shall be without adjudication of guilt * * *." (Emphasis added.) ). Thus, there was never-either *118 at the time petitioner entered his guilty plea or subsequently-a legal declaration by the court that petitioner had committed acts constituting a crime, McDonnell , 306 Or. at 582, 761 P.2d 921, that is, there was never a judgment of conviction. And, without such a judgment, post-conviction relief is not available.[9]
The post-conviction court did not err in denying petitioner relief.
Affirmed.

We cite the version of the statute in effect when the order of conditional discharge was entered, ORS 475.245 (2013). It provides:
"Whenever any person pleads guilty to or is found guilty of possession of a controlled substance under ORS * * * 475.864 * * *, the court, without entering a judgment of guilt and with the consent of the district attorney and the accused, may defer further proceedings and place the person on probation. Upon violation of a term or condition of probation, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against the person. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. There may be only one discharge and dismissal under this section with respect to any person."

At oral argument before us, a question arose as to whether the case was moot. After receiving supplemental memoranda from the parties, we are not persuaded that the state has met its burden "to establish that any collateral consequences that petitioner has identified either do not exist or are legally insufficient." State v. K. J. B. , 362 Or. 777, 789, 416 P.3d 291 (2018).

The trial court case register reflects that the charge was dismissed on October 23, 2014. We take judicial notice of that fact. See, e.g. , State v. Bennett , 249 Or. App. 379, 380 n. 1, 277 P.3d 586 (2012), rev. den. , 353 Or. 203, 296 P.3d 1275 (2013) (taking judicial notice of official trial court case register).

The court had denied the state's motion for summary judgment without comment. However, at the subsequent hearing on petitioner's PCR petition, which was held before a different judge, the parties renewed their arguments and the court agreed with the state.

Arguably, the post-conviction court should have dismissed the petition. See ORS 138.510(1) ("Except as otherwise provided in ORS 138.540, any person convicted of a crime under the laws of this state may file a petition for post-conviction relief pursuant to ORS 138.510 to 138.680."); Smith v. Jester , 234 Or. App. 629, 632-33, 228 P.3d 1232 (2010) (juvenile court adjudication that youth was within the jurisdiction of the court was not a "conviction"; thus, circuit court lacked authority under ORS 138.510(1) to consider youth's PCR petition). That distinction is inconsequential here because, in any event, petitioner is not entitled to relief.

Petitioner raises three assignments of error, in which he addresses the court's denial of PCR on each of the three theories of inadequate assistance of counsel he alleged in his petition. Our conclusion that the post-conviction court correctly denied the petition because petitioner did not establish a "conviction" disposes of all of petitioner's assignments of error.

See Collins and Neil, The Oregon Postconviction-Hearing Act , 39 Or. L Rev 337, 340, 341 (1960) (describing the Act as "establish[ing] a single, uniform post-conviction remedy and procedure for all attacks on the validity of criminal judgments when appeal is no longer available," except that the Supreme Court's original jurisdiction in habeas corpus "remains unimpaired"); Verduzco v. State of Oregon , 357 Or. 553, 570, 355 P.3d 902 (2015) ("The court repeatedly has looked to [the Collins and Neil] article in seeking to understand the 1959 post-conviction act.").

As originally enacted, the Act allowed an unlimited time to file a PCR petition, Or. Laws 1959, ch. 636, § 17; it was amended in 1989 to require filing within 120 days of "the date the judgment or order on the conviction was entered in the register," if no appeal is taken, Or. Laws 1989, ch. 1053, § 18. In 1993, the legislature changed that requirement to two years. Or. Laws 1993, ch. 517, § 1.

In so limiting the availability of PCR, the legislature likely did not contemplate the existence of sentencing alternatives such as conditional discharge and diversion that, if successful, do not result in a judgment of conviction, as the Act antedated enactment of those programs. See Or. Laws 1977, ch. 745, § 21 (conditional discharge); Or. Laws 1977, ch. 373 (diversion); Or. Laws 1983, ch. 338, §§ 369-375 (DUII diversion). In view of those developments, the legislature may wish to revisit the issue.