Argued and submitted November 26, 2019, appeal dismissed January 23, 2020

In the Matter of K. L. C.,
a Child.

K. L. D.
and R. D.,
*Petitioners-Respondents,*
*and*

K. L. C.,
*Respondent,*

*v.*

J. D. C.,
*Respondent-Appellant.*

Yamhill County Circuit Court
18AP00851; A171505

459 P3d 955

Ladd J. Wiles, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

Christa Obold Eshleman argued the cause for respondent K. L. C. With her on the brief was Youth, Rights & Justice.

No appearance for respondents K. L. D. and R. D.

Before Ortega, Presiding Judge, and James, Judge, and Landau, Senior Judge.

PER CURIAM

Appeal dismissed.

## PER CURIAM

In this adoption proceeding, mother and her husband (stepfather) petitioned for stepfather to adopt child and moved the trial court to allow the adoption to proceed without father's consent on the ground that father "willfully *** neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption[.]" ORS 109.324. After a hearing on the motion, the trial court found that father "willfully neglected" child as provided in ORS 109.324, and it entered a "limited judgment" memorializing the finding. It is from that decision that father appeals. Because father brings a statutorily incognizable interlocutory appeal, we dismiss for lack of jurisdiction and do not reach the parties' arguments on the merits.

"[T]he right to appeal is wholly statutory and an appellant must establish that the decision from which the appeal is taken is appealable under some statutory provision." *Waybrant v. Bernstein*, 294 Or 650, 653, 661 P2d 931 (1983) (citations omitted). ORS 19.205 determines whether we have jurisdiction over appeals in adoption proceedings, *A. M. v. N. E. D.*, 287 Or App 36, 38, 400 P3d 1036 (2017), and that statute authorizes appeals from, *inter alia*, a limited judgment.[1] As relevant here, a "limited judgment" is a "concluding decision" "that disposes of at least one but fewer than all requests for relief in the action and that is rendered pursuant to a legal authority that specifically authorizes that disposition by limited judgment." ORS 18.005(8), (13)(d).

Although entitled "limited judgment," the decision from which father appeals is not a judgment in substance, because it stated only the trial court's "willful neglect" finding and did not conclusively dispose of a request for relief. *See A. M.*, 287 Or App at 40 ("[T]he conclusive resolution of petitioners' request for relief in this [adoption] proceeding

---

[1] Father does not assert that the document subject to this appeal is another type of appealable decision under ORS 19.205. *See A. M.*, 287 Or App at 38-39 (identifying that the other types are a general judgment; a supplemental judgment; and certain pre- and post-judgment orders). Nor would such an assertion be well taken.

will occur when the trial court enters a judgment under ORS 109.350 [judgment of adoption or readoption].”). Even if the trial court had gone a step further and determined— as father posits that it did—that the adoption may proceed without father's consent, *see* ORS 109.324(2) (upon a court's “willful neglect” finding, “the consent of the parent at the discretion of the court is not required and \* \* \* the court may proceed regardless of the objection of the parent”), we have held that an order to such effect is merely “interlocutory.” *A. M.*, 287 Or App at 40; *Gastineau v. Harris*, 121 Or App 67, 70, 853 P2d 1338, *rev den*, 317 Or 583 (1993). It follows that the “limited judgment” at issue—which purports to do even less than the interlocutory orders in *A. M.* and *Gastineau*— is not a concluding decision from which an appeal may be taken. Moreover, father has identified no specific legal authority, as required by ORS 18.005(13)(d), that authorizes entry of the “limited judgment” here, and we are aware of none. In sum, we lack jurisdiction to review this interlocutory decision on the merits.

Appeal dismissed.