No. 42          January 24, 2024          341

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. L. V.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Respondent,*

*v.*

K. J. V.,
aka K. S.,
aka K. M.,
*Appellant.*

Jackson County Circuit Court
19JU02539; A181543

David J. Orr, Judge.

Submitted November 6, 2023.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Mother appeals from a juvenile court judgment denying her motion to set aside the relinquishment of her parental rights. In mother's single assignment of error, she challenges the juvenile court's denial of her motion, arguing that she did revoke the signed release prior to child being placed with adoptive parents on May 20, 2021.

In an earlier opinion involving this case, *Dept. of Human Services v. K. J. V.*, 320 Or App 56, 64, 512 P3d 469 (2022), we reversed the juvenile court's judgment and instructed the juvenile court that, on remand, the "court must determine whether [mother] revoked her relinquishment before May 20, 2021, when, under ORS 418.270(4), the relinquishment became irrevocable." On remand, the juvenile court entered a judgment denying mother's motion to revoke, and specifically finding that mother had failed to properly revoke her relinquishment of parental rights before May 20, 2021.

Mother argues that *de novo* review is required, alleging that the juvenile court's judgment "effects" the termination of her parental rights. Under ORS 19.415(3)(a), we review *de novo* judgments in a proceeding for the termination of parental rights. The juvenile court's denial of mother's motion to revoke did not arise in the context of a termination of parental rights and therefore we are not required to review this case *de novo*. *See Dept. of Human Services v. J. L. J.*, 233 Or App 544, 549, 226 P3d 112 (2010) ("[A] surrender does not, itself, effect a termination or severance of a child's relationship with his or her parent. Rather, such a severance can be accomplished *only* by way of a court order." (Emphasis in original.) (Citing ORS 418.270(2).)). Alternatively, mother requests that even if we conclude that *de novo* review is not required, that we exercise our discretion to review *de novo*. We decline to do so, as this is not an exceptional case in which *de novo* review would be appropriate. *See* ORS 19.415(3)(b) (providing this court with discretion to conduct *de novo* review in equitable cases); ORAP 5.40(8)(c) (*de novo* review is appropriate only in exceptional cases).

Therefore, "we review the juvenile court's legal conclusions for errors of law but are bound by its findings of historical fact if there is any evidence in the record to support them." *Dept. of Human Services v. N. S.*, 246 Or App 341, 344, 265 P3d 792 (2011), *rev den*, 351 Or 586 (2012).

Mother argues that the juvenile court erred by finding that she did not revoke her relinquishment of parental rights before May 20, 2021, because mother testified that she sent text messages to the Department of Human Services (DHS) in late February 2021 revoking relinquishment. However, the juvenile court made a factual finding that mother did not unequivocally communicate that she wished to revoke her relinquishment prior to May 20, 2021. Furthermore, DHS elicited testimony and provided records which support the juvenile court's finding that mother did not revoke prior to May 20, 2021. We conclude that legally sufficient evidence supports the trial court's ruling denying mother's motion to revoke.

Affirmed.