No. 368 June 5, 2024 7

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. S.,
*Appellant.*

Marion County Circuit Court
22JU06181; A182687

Lindsay R. Partridge, Judge.

Submitted March 22, 2024.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Appeal dismissed.

SHORR, P. J.

Mother appeals from an order that denied her motion to revoke her relinquishment of her parental rights to her child. Because we conclude that the order was not an appealable judgment, we dismiss the appeal.

The following facts are uncontested and largely procedural. In December 2022, the Department of Human Services (DHS) petitioned to terminate mother's parental rights to her then nine-month-old child, A. At the same time, DHS alleged in a separate proceeding that father's parental rights to A should be terminated.[1] The pretrial conference was set for August 2, 2023, approximately two weeks before the date set for trial. Both parents attended the pretrial conference with their attorneys. During the conference, the parents' attorneys informed the court that the parents wished to voluntarily relinquish their parental rights to A, which started an extended discussion among the parents, the attorneys, and the court regarding resolving the proceeding. Both mother and father ultimately signed a "Release and Surrender," which permanently relinquished their custody and parental rights to A. At the request of the parties, the juvenile court judge who had presided over the pretrial hearing acknowledged and notarized the parents' signed releases.

On the day after mother signed her release, mother informed her attorney that she wished to revoke it because she was under duress and was not making a "clear informed decision." Within a week, mother filed a Motion to Revoke Relinquishment based on her duress when she signed her release. The court held a hearing on the revocation motion.[2] The court made credibility and factual findings against mother and concluded that she did not establish that she was under duress when she signed the release of her

_____

[1] DHS asks that we take judicial notice of the pleadings in the trial court register for father's termination of parental rights case, which we do. *See Velasco v. State of Oregon*, 293 Or App 1, 3 n 3, 426 P3d 114 (2018), *rev den*, 364 Or 407 (2019) (taking judicial notice of the trial court register in another case).

[2] After mother filed her motion to revoke her release, the judge who had presided over the pretrial conference recused himself. That judge was then a witness regarding the parents' conduct during the conference where they had decided to release their parental rights. A different judge ruled on mother's motion to revoke her release.

parental rights. On October 3, 2023, the court entered an Order Denying Mother's Motion to Revoke Relinquishment. DHS then moved to voluntarily dismiss its petition to terminate parental rights, and, on October 6, the court entered a judgment dismissing the petition without prejudice.

Mother then filed a notice of appeal of the Order Denying Mother's Motion to Revoke Relinquishment. Although mother stated that she was appealing from the "judgment" entered October 3, 2023, she only referred to and attached the October 3 order denying her motion. She did not refer to or attach the judgment of dismissal that was later entered on October 6, 2023. She further does not contend before us that she appealed from that dismissal judgment. Rather, she contends that the October 3 order denying her motion is itself an appealable judgment. For the following reasons, we disagree.

Oregon's Juvenile Code defines and addresses appealable judgments for the purposes of the juvenile code. ORS 419A.200 provides, with limited exceptions not relevant here, that a party to a juvenile proceeding has a right to appeal when their "rights or duties are adversely affected by a judgment of the juvenile court." ORS 419A.205(1) defines appealable judgments as follows:

> "For the purpose of being appealed, the following are judgments:
>
> "(a)  A judgment finding a child or youth to be within the jurisdiction of the court;
>
> "(b)  A judgment disposing of a petition including, but not limited to, a disposition under ORS 419B.325 or 419C.411;
>
> "(c)  Any final disposition of a petition; and
>
> "(d)  A final order adversely affecting the rights or duties of a party and made in a proceeding after judgment including, but not limited to, a final order under ORS 419B.449 or 419B.476."

Mother does not contend that paragraphs (a) or (b) apply here, and we agree. Mother contends that the order denying her revocation of her release of parental rights is an

appealable judgment under paragraphs (c) and (d) of subsection (1) because the order is a "final disposition of a petition" and a "final order adversely affecting mothers rights" that was "made in a proceeding after judgment."

To resolve this issue, we apply our usual rules of statutory construction, which consider the text and context of the statute and any relevant legislative history that we conclude is helpful for discerning the legislature's intention. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Turning first to ORS 419A.205(1)(c), we readily conclude that the order dated October 3 that denied mother's revocation of her release of parental rights was not a "final disposition of a petition." Indeed, DHS voluntarily dismissed its petition for termination of parental rights. The final disposition of that petition then occurred on October 6 when the trial court entered a judgment of dismissal that dismissed the petition without prejudice.

Turning to ORS 419A.205(1)(d), we also conclude that this was not a final order adversely affecting mother's rights that was "made in a proceeding *after judgment*." (Emphasis added.) There is no doubt that the order had a profound and adverse effect on mother's rights. However, the order was entered before the judgment in the termination proceeding and was not "made in a proceeding after judgment."

Mother nevertheless argues that the order was made in a proceeding after judgment, contending that the judgment that the order post-dated was either the final permanency judgment that had earlier changed the permanency plan for A from reunification with mother to termination of mother's parental rights or the earlier jurisdictional judgment. But the permanency judgment and jurisdictional judgments were in entirely separate proceedings from the termination of parental rights case. When DHS filed a petition for the termination of parental rights, it initiated a new proceeding in Marion County. We disagree that an order entered in a new termination proceeding that follows a judgment in a resolved permanency proceeding or follows

a jurisdictional judgment can be a final order "made in a proceeding after judgment."[3]

  We have previously interpreted ORS 419A.205(1)(d) in a posture that is the inverse of the one presented here, but that decision still guides us as to the proper result. In *Dept. of Human Services v. A. S.-M.*, the mother appealed following a termination judgment and then assigned error to the trial court's order appointing a guardian *ad litem* (GAL) over mother's objection. 270 Or App 728, 731, 350 P3d 207, *rev den*, 357 Or 640 (2015). DHS argued that that adverse GAL order was not appealable after the termination judgment because the mother could have appealed the order when it was entered *before* the termination judgment. We rejected that argument:

> "[The] [m]other responds that the GAL order was not separately appealable because it was not made in a proceeding *after judgment*. ORS 419A.205 (emphasis added). We agree that the state's argument overlooks the italicized language. Although the juvenile court's GAL order was made in a proceeding, it was not entered in a proceeding after judgment. *See, e.g., State ex rel. Dept. of Human Services v. Sumpter*, 201 Or App 79, 85, 116 P3d 942 (2005) (concluding that a court order made during a termination proceeding was not appealable because the order was entered after the petition to terminate [the] mother's parental rights was filed but before [the] mother's parental rights were terminated, and, thus, was not an order made in a proceeding *after judgment* (emphasis in original)). In short, the order appointing [the] mother's GAL was not appealable prior to the juvenile court's entry of judgment. It is, therefore, properly before us now."

270 Or App at 742 (internal quotation marks omitted). We also specifically observed in a footnote that:

> "Our conclusion that the termination proceeding was a distinct proceeding for purposes of applying ORS 419A.200

---

[3] We note that, under mother's broad interpretation, she would be entitled to immediately appeal *every* order that adversely affects her rights in a proceeding terminating her parental rights simply because a termination proceeding necessarily always follows a permanency judgment. We find no support for that interpretation in the text or context of the relevant statutes. Rather, as we discuss below, ORS 419.205(1)(d) allows for appeals of adverse orders that follow judgments in the same proceeding.

and ORS 419A.205 is buttressed by ORS 419B.231, ORS 419B.118(4), and ORS 419B.875(1)(a) and (b), all of which treat termination-of-parental-rights proceedings as separate proceedings within the larger context of the juvenile code. We acknowledge (without deciding) that the analysis might be different in a case where a GAL order is issued before the beginning of a termination proceeding but after entry of a judgment in an earlier phase of a dependency case."

*Id.* at 742 n 2 (internal quotation marks and emphasis omitted). Here, mother tries to appeal the order entered *before* the issuance of the final judgment in the termination proceeding. Although it is the inverse situation, the holding from *A. S.-M.* still controls and the result is the same: the order is not an appealable judgment under ORS 419A.205(1)(d).

Finally, we observe that we have previously considered appeals in which parents assign error to orders that denied the parents' revocation of their release of their parental rights. *See e.g.*, *Dept. of Human Services v. S. C. P.*, 262 Or App 373, 324 P3d 633 (2014) and *Dept. of Human Services v. K. J. V.*, 330 Or App 341 (2024) (nonprecedential memorandum opinion). Significantly, those cases, one nonprecedential, do not address the issue of appealable judgments. That could be because it was clear that the appeals followed final judgments in the relevant proceedings. Regardless, they do not discuss the judgments on appeal and provide no guidance for us here.

Based on the text and context of ORS 419A.205 and the case law interpreting that statute, we conclude that mother has not appealed from an appealable judgment. "As an appellate court, we lack subject matter jurisdiction over an appeal from a judgment or order that is not appealable." *A. M. v. N. E. D.*, 287 Or App 36, 37, 400 P3d 1036 (2017). As a result, we must dismiss the appeal.

Appeal dismissed.[4]

_____

[4]    Our Appellate Commissioner initially entered an Order to Show Cause asking mother to explain why the order at issue was appealable. Without discussion of the issue, the Commissioner then allowed this case to proceed to the panel after mother presented arguments regarding why this matter was appealable. The panel then considered the issue further. We exercise our independent duty to determine whether the appeal is authorized by statute and, as discussed above, conclude that it is not. *A. M.*, 287 Or App at 37.