ARMSTRONG, P. J.
*802 The state appeals a pretrial order dismissing on speedy-trial grounds a 2008 charge against defendant for misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010(1). This is the second time we are reviewing a trial court dismissal of this case on speedy-trial grounds. In the first appeal, we concluded that the trial delay was "reasonable" under former ORS 135.747 (2011), repealed by Or. Laws 2013, ch. 431, § 1, and reversed and remanded. State v. McGee , 255 Or. App. 460, 488, 297 P.3d 531, rev. den. , 354 Or. 389, 315 P.3d 420 (2013) ( McGee I ). On remand, defendant sought dismissal under the new speedy-trial statute, ORS 135.746. That statute provides that a criminal trial in which the most serious charge is a misdemeanor must be commenced within two years from the date that the state files the charging instrument. ORS 135.746(1)(a). However, ORS 135.748 excludes certain time periods from that two-year calculation. The question presented in this case is whether a stay requested by defendant and granted by the trial court, which stayed the case pending resolution of a mandamus proceeding in the Supreme Court, falls within one of those exclusions. We conclude that it does and, with that time excluded, defendant would have been brought to trial within two years as required by ORS 135.746. Accordingly, we reverse and remand.
We take the facts, which are largely procedural, from our opinion in McGee I . Defendant was charged by information on March 31, 2008, with misdemeanor DUII. 255 Or. App. at 463, 297 P.3d 531. In preparation for a motion to suppress hearing, defendant served a subpoena duces tecum on one of the arresting officers, requiring him to appear at a pretrial hearing and to bring certain documents with him. The officer appeared but failed to bring most of the requested documents with him. The court continued the hearing for a month, during which time the officer provided the requested documents to defendant. However, defendant asked the trial court to issue a show-cause order to initiate a proceeding to find the officer in contempt of court. Defendant sought a finding of contempt to use in his criminal trial as evidence of the officer's bias. The trial court denied the request, and *803 defendant sought mandamus relief from the Supreme Court. Id. at 464-67, 297 P.3d 531.
After the Supreme Court issued an alternative writ and the trial court did not change its ruling, defendant requested a stay of the criminal case pending final resolution of the mandamus proceeding. At the time of defendant's stay request, his trial was set for January 19, 2009. The trial court granted *240 defendant's stay request. In April 2009, because the mandamus proceeding was still pending, the trial court set the case for a status hearing on those proceedings for December 22, 2009, which was later continued to January 27, 2010. Id. at 467-68, 297 P.3d 531.
The Supreme Court ultimately concluded that the trial court had misapplied the law of contempt and, on November 16, 2009, issued a preemptory writ directing the trial court to vacate its order denying defendant's motion to show cause and to reconsider the motion. Id. at 468, 297 P.3d 531. On remand, after some procedural issues, the trial court again denied defendant's motion to show cause. See id. at 468-72, 297 P.3d 531 (describing the various proceedings and associated dates). The same day as the resolution of the contempt proceeding, April 23, 2010, the trial court reset trial for June 30, 2010, which was later reset for July 14, 2010. Id. at 472, 297 P.3d 531.
Defendant then moved to dismiss the DUII case on speedy-trial grounds under former ORS 135.747 (2011), which the trial court granted. The state appealed that dismissal order, and we reversed and remanded, concluding that the delays in the proceeding were reasonable. McGee I , 255 Or. App. at 488, 297 P.3d 531.
After we decided McGee I , the legislature enacted new speedy-trial statutes. See Or. Laws 2014, ch. 73, §§ 1-4. On remand, defendant moved to dismiss the case under the new statute, ORS 135.746. The trial court granted that motion because, after excluding days under ORS 135.748, the trial court determined that the delay was 903 days, which was more than the two years allowed by ORS 135.746. As relevant to this appeal, the trial court concluded that it would not exclude 337 days from the calculation, which represented the time that trial was delayed during the pendency *804 of the mandamus proceeding.[1] The state now appeals that dismissal. The issue on appeal reduces to whether the trial court erred when it concluded that ORS 135.748 does not exclude from the speedy-trial calculation under ORS 135.746 the time during which the case was stayed pending resolution of the mandamus proceeding.[2] To provide context for the parties' arguments on that issue, we first turn to the text of those statutes.
As relevant to this case, ORS 135.746(1)(a) provides that "[e]xcept as provided in ORS 135.748 * * * [a] trial in which the most serious charge alleged in the charging instrument is designated by statute as a misdemeanor must commence within two years from the date of the filing of the charging instrument." In turn, ORS 135.748(1) sets out eight types of time periods that are excluded from the calculation of that two-year period. In this case, two of the enumerated time periods are relied on by the parties for their respective arguments, and provide as follows:
"(1) All applicable periods of elapsed time as follows are excluded from the time limits described in ORS 135.746 :
"* * * * *
"(b) A period of time following the filing of an interlocutory appeal or an appeal from the dismissal of the charge or charging instrument, or that results from a stay issued by an appellate court in a mandamus or habeas proceeding, until the appellate judgment is issued or the stay is lifted by the appellate court.
"* * * * *
"(h) A period of time between a continuance or a rescheduling of a trial date, *241 granted at the request of, or *805 with the consent of, the defendant or the defendant's counsel, and the new trial date."
ORS 135.748(1). Finally, ORS 135.752 provides that, "[i]f a trial is not commenced as required by ORS 135.746, the court shall order the charging instrument to be dismissed without prejudice unless the court finds on the record substantial and compelling reasons to allow the proceeding to continue."
On appeal, the state argues that the 337 days during the stay should be excluded under ORS 135.748 (1)(h). The state notes that the plain text of subsection (1)(h) excludes trial delays that a defendant has requested or consented to. And, because defendant had requested that the trial court stay the criminal trial pending the outcome of the mandamus proceeding, the state argues that subsection (1)(h) excludes that time period from the ORS 135.746 calculation.
Defendant responds with two arguments. First, defendant argues that ORS 135.748(1)(h) should be construed in conjunction with ORS 135.748(1)(b), which expressly covers stays issued by appellate courts in mandamus proceedings but not stays issued by trial courts in such proceedings. Defendant argues that the legislature must have intended not to exclude time periods for trial court stays during mandamus proceedings because the legislature would have known that relators must first seek stays in the trial court before requesting a stay from the appellate court. See ORAP 11.05(2)(e).[3] Defendant thus concludes that, if we construe subsection (1)(h) to exclude the delay here, it would create a conflict with subsection (1)(b). Second, defendant argues that subsection (1)(h) does not cover "stays" because the plain text of that exclusion refers only to "a continuance or a rescheduling" of a trial date.
*806 We reject defendant's arguments and conclude that ORS 135.748(1)(h) excludes the 337-day time period during which the trial court stayed the criminal trial at defendant's request. The two exclusions in subsections (1)(b) and (1)(h) are directed at different types of delays, depending on the court in which the delay originates. Subsection (1)(b), which covers time periods during interlocutory appeals, appeals from a dismissal of the charge or charging instrument, or "a stay issued by an appellate court in a mandamus or habeas proceeding," excludes delays to criminal trials caused by an appellate court-either through an automatic stay[4] or a stay issued by the appellate court. That is, subsection (1)(b) applies to trial delays caused by the appellate court itself; it does not address whether or not other delays that may be connected to the identified appellate proceedings would also be excluded under a different subsection of ORS 135.748. Subsection (1)(h), on the other hand, addresses delays that are caused by the trial court, and only those delays that the defendant requests or consents to can be excluded from the speedy-trial calculation.
The distinction between the type of court causing a trial delay is critical because subsection (1)(b) protects the state's right to appeal certain pretrial matters without running afoul of the speedy-trial statute; and, likewise, allows the party seeking mandamus or habeas relief to obtain a stay from the appellate court without that court running afoul of the speedy-trial statute. On the other hand, delays caused in the trial court are the *242 reason for the speedy-trial statute. And, under the statute, only those delays that the defendant requests or consents to can be excluded from the speedy-trial calculation. Hence, it is of no import that subsection (1)(b) does not address stays in mandamus proceedings that are granted by a trial court because that is not *807 the type of delay that that exclusion is meant to address. Rather, that type of delay is addressed under subsection (1)(h) because, even for a stay pending a mandamus proceeding, if the trial court decides to delay trial it matters for speedy-trial purposes if the defendant requests or consents to the delay. There is no conflict caused between subsections (1)(b) and (1)(h) by applying subsection (1)(h) to the trial court's grant of defendant's requested stay because those subsections address different speedy-trial concerns.
The plain text of ORS 135.748(1)(h) excludes trial court delays of the trial date requested, or consented to, by a defendant, regardless of the reason for the delay. The use of the terms "continuance" and "rescheduling" does not fore-close applying that subsection to a "stay." A "continuance" is a legal term of art that refers to "[t]he adjournment or postponement of a trial or other proceeding to a future date." Black's Law Dictionary 316 (7th ed. 1999). A "stay" is also a legal term of art that refers to "[t]he postponement or halting of a proceeding, judgment, or the like," or "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding." Black's at 1425. The difference between the two terms is that a "stay" may also include halting the enforcement of a judgment or order, but both terms encompass the postponement of a proceeding. For purposes of the speedy-trial statute, it is of no import if a judgment or order is stayed; what is important is the postponement of trial, i.e. , the "continuance" portion of a "stay." Thus, whether a stay issued by a trial court during a mandamus proceeding is a time period excluded under ORS 135.748, depends on the actual effect of that stay order-viz ., does the stay have the effect of "continuing" the trial. If so, and the defendant requested or consented to that stay, then the time period of the stay is covered by ORS 135.748.[5]
*808 Here, defendant requested in his "motion for stay" that the court "stay" the criminal proceedings against him pending resolution of the mandamus action. The court granted that request. Defendant's request, and the trial court's grant of that request, was directed solely at postponing the criminal trial-that is, it "continued" the trial date. As such, the time period between the continued trial date and the new trial date set after resolution of the mandamus proceeding falls within the exclusion under ORS 135.748 (1)(h) ("A period of time between a continuance or a rescheduling of a trial date, granted at the request of, or with the consent of, the defendant or the defendant's counsel, and the new trial date."). As noted, 295 Or. App. at 804 n. 1, for purposes of this appeal, that time period is 337 days.
In sum, ORS 135.748(1)(h) excludes from the two-year speedy-trial calculation, under ORS 135.746, the 337-day delay that resulted from defendant's request to stay the trial court proceedings pending final resolution of his mandamus proceeding. Excluding that time period, along with the other time periods that the trial court determined should be excluded under ORS 135.748, defendant's trial would have commenced within two years *243 of the filing of the DUII charge. Hence, the trial court erred by dismissing that charge.
Reversed and remanded.

The 337 days represent the time from the date of the vacated trial date, January 19, 2009, to the date of the first status hearing after the conclusion of the mandamus proceeding, December 22, 2009. Below, the parties argued about additional days of the stay, from December 22, 2009, to the new trial date of June 30, 2010, as separate time periods. Because of that framing, and because the trial court excluded the majority of those days from the speedy-trial calculation, the state argues on appeal only that the additional 337 days should be excluded.

We note that the state also contends on appeal that the trial court erred by failing to exclude two other time periods, which total 49 days. However, because the issue is dispositive, the parties have focused their arguments solely on the time period during the stay pending resolution of the mandamus proceeding. We thus do not consider those other time periods.

ORAP 11.05(2)(e) provides:
"If the relator seeks a stay in the proceedings from which the mandamus proceeding arises, the caption shall indicate 'STAY REQUESTED,' and the relator shall show, in the statement in support of the petition, that the relator requested a stay from the court, judge, or administrative agency or official whose order or decision is being challenged and that the request for a stay was denied , or that it would be futile to request a stay from the court, judge, or administrative agency or official."
(Emphasis added; capitalization in original.)

A criminal case is automatically stayed during a state appeal from an interlocutory order or a dismissal of a charge or charging instrument. See former ORS 138.160 (2015), renumbered as ORS 138.295 (2017) ("An appeal taken by the state stays the effect of the judgment or order in favor of the defendant[.]"). Defendants are not entitled to take such appeals. See former ORS 138.040 (2015), repealed by Or. Laws 2017, ch. 529, § 26; former ORS 138.050 (2015), repealed by Or. Laws 2017, ch. 529, § 26; former ORS 138.053 (2015), repealed by Or. Laws 2017, ch. 529, § 26; see also ORS 138.035 (current statute setting out what a criminal defendant may appeal).

Our construction of ORS 135.748 is confirmed by the legislative history of that statute. The Oregon Department of Justice (DOJ) and Oregon Criminal Defense Lawyers Association (OCDLA) worked together to enact the new speedy-trial statutes. See Testimony, Senate Committee on Judiciary, SB 1550, Feb. 13, 2014 (statement of OCDLA representative Gail L. Meyer). Both DOJ and OCDLA testified that the speedy-trial law would exempt all delays caused by defendants. See id . ("Exclusions from the timeframe for any delays caused by the accused. If the accused were to be responsible for delays, whether intentional or not, the bright-line timeframe is tolled during that period. Examples are: * * * the accused requesting a delay or continuance to prepare his case[.]" (Underscoring in original.) ); Testimony, Senate Committee on Judiciary, SB 1550, Feb. 24, 2014 (statement of DOJ Legislative Director Aaron Knott) ("[The bill e]xcludes all delays caused by the defendant and provides specific statutory language for the periods to be excluded. Any time [delay] caused by the defendant is not counted against the two or three year time period.").