Submitted January 26, affirmed September 9, 2021, petition for review denied January 20, 2022 (369 Or 209)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELRIC VINCENT SHELBY,
*Defendant-Appellant.*

Klamath County Circuit Court
16CR44126; A170217

497 P3d 772

In this criminal appeal, defendant contests a conviction of fourth-degree assault. Defendant argues that the trial court erred by granting the state's motion to admit inculpatory statements made during a jail discipline hearing and by denying his motion to dismiss his case as untimely under speedy-trial provisions of Oregon statute. *Held*: Although defendant was initially provided with *Miranda* warnings, the subsequent disciplinary hearing was a compelling circumstance that required another *Miranda* warning. However, that error was harmless because the improperly admitted statements did not affect a fact at issue in the trial. Although the trial was commenced after the two years required by statute, the trial was not untimely because defendant requested numerous continuances in other cases for more serious charges and agreed that trial in this case would occur after disposition of the more serious cases.

Affirmed.

Andrea M. Janney, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for fourth-degree assault, ORS 163.160. Defendant contends that the trial court erred in (1) granting the state's motion to admit his inculpatory statements made during his jail disciplinary proceeding; and (2) denying his motion to dismiss his case as untimely under the speedy-trial requirements of ORS 135.746. We conclude that defendant's statements were made under compelling circumstances that required *Miranda* warnings, but we also conclude that the erroneous admission of defendant's statements was harmless. Next, we conclude that after excluding delays attributable to defendant under the exception in ORS 135.748(1)(h), defendant's trial was timely under ORS 135.746. Accordingly, we affirm.

Defendant, an inmate in the Klamath County Jail, was transported to an attorney-meeting room to meet with his attorney, M. Deputy Allison was posted outside the room and saw defendant strike M in the head. After the incident, defendant was written up on jail disciplinary charges and transferred to the "A-P" section of the jail, which is also called "the hole." Defendant remained in segregated housing while he was awaiting his disciplinary hearing which occurred six days later.

The day after defendant struck M, Allison met with defendant in an attorney-meeting room to interview him about the incident. Before questioning defendant, Allison read him *Miranda* warnings. After hearing the warnings, defendant declined to make any statements to Allison, who then transported him back to his cell.

That same day, defendant was provided with the inmate rights form containing information about his upcoming disciplinary hearing. Among other things, the following information was listed as one of the rights at the hearing:

> "The right to remain silent. Your silence may be used to draw an adverse inference against you. Declaration of ones [*sic*] 5th amendment rights to not testify against oneself, in a disciplinary hearing may be taken as an admission of guilt. However, there must be evidence of guilt in addition to your silence."

The form did not list any right not to attend the hearing, although that information was contained in the 29-page handbook defendant received at booking.

At the jail disciplinary hearing, defendant was facing four discipline charges: one charge of "assault," two charges of "disobedience of an order from staff," and one charge of "any act that threatens the safety, security and orderly operations of a cell." At the start of the hearing, the hearing officer confirmed that defendant had received his inmate rights form but did not inquire whether defendant knew he did not have to participate in the hearing. Defendant pleaded guilty to assault and not guilty to the other three charges. The hearing took about four or five minutes.

A few weeks later, the state charged defendant with fourth-degree assault. Before trial, the state filed a written motion to admit defendant's statements made during the disciplinary hearing. At the motion hearing, the state acknowledged that defendant had invoked his right to remain silent when he was given the *Miranda* warnings after the incident occurred but argued that defendant did not need additional *Miranda* warnings for an administrative hearing, which he had the option not to attend. Defendant argued that the statements should be excluded because he had asserted his right to remain silent and had not subsequently waived that right.

The trial court allowed the statements to be introduced into evidence. The trial court first explained that the mere fact of being in custody does not automatically trigger the requirements of *Miranda*. The court further observed that defendant was never threatened with sanctions if he did not attend the hearing, and, in fact, he was not required to attend the hearing at all. Thus, the trial court concluded that defendant's decision to participate in the hearing evinced his willingness to relinquish any right to remain silent.

We review the trial court's denial of a motion to suppress for legal error and are bound by the court's express factual findings if evidence in the record supports them.

*State v. Taylor*, 296 Or App 278, 279, 438 P3d 419 (2019). Whether a defendant's waiver of constitutional rights was knowing, intelligent, and voluntary is ultimately a question of law, though based upon the underlying factual findings of the trial court. *State v. Ward*, 367 Or 188, 198-99, 475 P3d 420 (2020).

Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the United States Constitution protect against compelled self-incrimination. *See Miranda v. Arizona*, 384 US 436, 473-74, 86 S Ct 1602, 16 L Ed 2d 694 (1966); *State v. Vondehn*, 348 Or 462, 474, 236 P3d 691 (2010). Accordingly, police officers must provide *Miranda*-like warnings to a defendant who is in custody or in compelling circumstances prior to questioning. *See State v. Roble-Baker*, 340 Or 631, 638, 136 P3d 22 (2006). In determining whether a defendant is subject to compelling circumstances, the court examines "whether the officers created the sort of police-dominated atmosphere that *Miranda* warnings were intended to counteract." *Id.* at 641. The question must be addressed from the perspective of a reasonable person in the defendant's position, considering the totality of the circumstances. *Id.* Pertinent factors include the location of the encounter, the length of the encounter, the amount of force exerted on the suspect, and the suspect's ability to terminate the encounter. *Id.* at 640-41.

Additionally, when a person in custody or other similarly compelling circumstances unequivocally invokes the right to remain silent as guaranteed by Article I, section 12, then police must refrain from any further questioning. *Ward*, 367 Or at 202. The state bears the burden of proving that any subsequent waiver of that right was knowing, intelligent, and voluntary under the totality of the circumstances. *Id.* at 191 (internal quotations and citations omitted).

Defendant argues that he was in compelling circumstances at the time of his disciplinary hearing such that his admission that he committed the assault should not have been admitted at his criminal trial. Although defendant was "in custody" at the time of his disciplinary hearing by nature of his incarceration, that does not answer the question of custody for purposes of the right to be free

from self-incrimination. *See State v. Goree*, 151 Or App 621, 638, 950 P2d 919 (1997), *rev den*, 327 Or 123 (1998) (finding inmate's statements to girlfriend in the visiting room at jail were not made "in custody" because defendant knew he could end conversation by leaving visitation room and that he would suffer no legal consequences for doing so). Rather, the inquiry hinges on "how a reasonable person *in defendant's position* would have understood the circumstances of his questioning." *State v. Breazile*, 189 Or App 138, 146, 74 P3d 1099 (2003) (emphasis in original).

Evaluating the totality of the circumstances, we conclude that defendant was in compelling circumstances at the time of his disciplinary hearing. Defendant was placed in "the hole" awaiting his hearing, which carried with it the risk of administrative sanctions. There was no evidence that he knew he could not attend the hearing, other than the chance that he remembered that information contained within the 29-page handbook he received at booking. Defendant was also provided an inmate rights form stating that remaining silent during the hearing *could* be used against him—contrary to the *Miranda* warnings he was given. Further, the state did not file the charges until after defendant's disciplinary hearing. Thus, defendant did not know that he would be facing criminal charges, and he did not have the advice of court-appointed counsel to advise him before his disciplinary hearing.

These circumstances are similar to cases where we have concluded that a defendant was in compelling circumstances. Defendant was aware that he would be penalized if he was found guilty—whether he attended the hearing or not—and he was told that his silence could be used against him in making that determination. *See Breazile*, 189 Or App at 146-47 (finding compelling circumstances when the defendant was questioned by three corrections officials in the lieutenant's office, not informed he could end the interview, and told he could face administrative sanctions related to marijuana found in his footlocker); *see also State v. Hutchins*, 214 Or App 260, 269, 164 P3d 318 (2007), *rev allowed*, 344 Or 280 (2008), *appeal dismissed*, 345 Or 690, *rev den*, 346 Or 590 (2009) (that inmate was informed that his silence could

be used against him weighed in favor of compelling circumstances finding despite the fact that inmate *knew* that he did *not* have to attend the hearing). Because defendant's statements at the disciplinary hearing were made under compelling circumstances and without newly administered *Miranda* warnings, the trial court erred in failing to suppress his statements.

However, not every error requires reversal. *See State v. Davis*, 336 Or 19, 32-33, 77 P3d 1111 (2003) (applying harmless error standard in the context of evidentiary error). In this case, the state charged defendant with one count of fourth-degree assault, which requires proof that defendant caused physical injury. ORS 163.160(1)(a) (a person is guilty of fourth-degree assault if the person "[i]ntentionally, knowingly or recklessly causes physical injury to another"). "Physical injury," in turn, "means impairment of physical condition or substantial pain." ORS 161.015(7).

Unlike the definition of fourth-degree assault under ORS 163.160, the definition of assault under the Klamath County Jail rules lacks an injury element. Thus, the trial court provided the jury with the special instruction that assault under the Klamath County rules does not contain an injury element. Specifically, the court instructed the jury that

"the term of 'assault' as testified to by Deputy Wilson does not have the same definition as the statutory charge of Assault in the Fourth Degree. The term 'assault' as testified to by the deputy is in reference to jail inmate rules and may be inclusive of terms such as fighting or physical altercation. The hearing in which [defendant] participated in at the jail was an administrative hearing and not a criminal trial. [Defendant] did not enter a plea to this criminal charge at the jail hearing. To prove Assault in the Fourth Degree in a criminal trial, the State must prove the element of physical injury. The jail administrative hearing did not require proof of the element of physical injury."

At trial, defendant did not dispute that he punched M. Rather, defense counsel argued that the "primary issue is whether or not there is physical injury." During trial, M described the circumstances leading to the punch and the

punch itself. During cross-examination, defense counsel asked M about his level of pain following the punch, but counsel did not pursue any line of questioning with respect to whether the punch occurred. Finally, defense counsel's closing argument focused on physical injury and whether the state had adduced sufficient evidence for the jury to find that M experienced either impairment of physical condition or substantial pain. Consequently, there was never a factual dispute as to whether defendant had punched M—he did not contest it below.

In sum, the trial court's error in admitting defendant's guilty plea from the jail disciplinary hearing was harmless because the plea provided no information as to the only contested element at trial—whether there was physical injury. *See State v. McAnulty*, 356 Or 432, 461, 338 P3d 653 (2014) (concluding that error was harmless because the jury would have regarded the improperly admitted evidence as duplicative or unhelpful); *cf. Davis*, 336 Or at 33-34 (concluding that erroneously excluded evidence was influential to the jury because it substantiated defendant's version of events, was not cumulative, and was qualitatively different than the evidence the jury heard). Thus, we conclude that the erroneous admission of defendant's guilty plea was harmless because it had little likelihood of affecting the jury's verdict on the charge of fourth-degree assault.

In defendant's second assignment of error, he argues that the state violated his statutory right to a speedy trial. "We review a trial court's denial of a defendant's motion to dismiss for lack of a speedy trial for legal error and we are bound by the trial court's findings of fact if they are supported by the record." *State v. Krieger*, 306 Or App 71, 72, 473 P3d 550 (2020), *rev den*, 367 Or 535 (2021).

For a misdemeanor charge, ORS 135.746(1)(a) requires that the trial must commence within two years of the charging instrument. Several types of time periods are excluded from the calculation of that two-year period. Relevant here are time periods "between a continuance or a rescheduling of a trial date, granted at the request of, or with the consent of, the defendant or the defendant's counsel, and the new trial date." ORS 135.748(1)(h).

In this case, the state charged defendant with misdemeanor assault on July 18, 2016. Defendant's trial commenced on February 8, 2019, which was 205 days past the two-year limitation. However, defendant was simultaneously proceeding on four other criminal matters in the same county and was represented by the same attorney for all five cases. At an early appearance in this case, the court ordered—and defendant agreed—that defendant's most serious case (for attempted murder), would proceed to trial first and the others would "track" that case, meaning that trial dates in the other four cases would not be scheduled until after the trial for attempted murder. The state, for its part, moved to consolidate all cases for trial, but defendant opposed the motion, and the trial court denied it.

In the attempted murder case,[1] defendant's attorneys requested multiple continuances of the trial date, causing over 500 days of delay between the date of the charging instrument in this case, July 18, 2016, and the trial, February 8, 2019. Because those continuances were at the request of defendant, and because defendant agreed that this case would "track" that case and affirmatively opposed consolidation, the resulting delay is excluded from the calculation of the statutory time limit. ORS 135.748(1)(h); *State v. McGee*, 295 Or App 801, 807, 437 P3d 238, *rev den*, 365 Or 194 (2019) ("The plain text of ORS 135.748(1)(h) excludes trial court delays of the trial date requested, or consented to, by a defendant, regardless of the reason for the delay."). Once the delays attributable to defendant's requested continuances are removed from the calculation, the trial occurred well within the two-year time limitation.

Affirmed.

---

[1] Although neither the state nor the defendant informed this court that this case was set to track the trial date in the attempted murder case, defendant's trial counsel below referenced the speedy trial arguments in the attempted murder case, which was tried before the same court. We take judicial notice of the register of actions in that case. *See Velasco v. State of Oregon*, 293 Or App 1, 3 n 3, 426 P3d 114 (2018) (taking judicial notice of trial court case register).